UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBRICHEE D JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-314 |
| | § | |
| ANTHONY MACKEY JR, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING PLAINTIFF'S MOTIONS AND SANCTIONS WARNING

Plaintiff Robrichee D. Jackson, proceeding *pro se* and *in forma pauperis*, has filed this civil rights action against Sergeant Anthony Mackey, Jr. (D.E. 1). Plaintiff is an inmate currently incarcerated at the McConnell Unit of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ") in Beeville, Texas. Pending before the Court are Plaintiff's Second Motion to Compel Discovery (D.E. 30) and Motion for Appointment of Counsel (D.E. 31).

**I.   BACKGROUND**

On October 5, 2017, Plaintiff filed his original complaint against Sergeant Mackey. (D.E. 1, p. 3). Plaintiff claims that Sergeant Mackey's actions violated his Eighth Amendment rights in that he failed to protect Plaintiff by placing him with a dangerous inmate who proceeded to attack Plaintiff. (D.E. 1, p. 4). Plaintiff seeks monetary, declaratory, and injunctive relief. (D.E. 1, pp. 13-14).

On October 26, 2017, the undersigned ordered service of Plaintiff's complaint on Sergeant Mackey. (D.E. 6). Sergeant Mackey subsequently filed his answer to the complaint, asserting the defense of qualified immunity. (D.E. 12, ¶ 11). On December 11, 2017, the undersigned ordered the discovery period in this case to expire on April 20, 2018. (D.E. 13).

On January 9, 2018, Plaintiff served on Sergeant Mackey requests for admissions and interrogatories. Sergeant Mackey responded by moving for a protective order in order to relieve him from having to answer Plaintiff's discovery requests. (D.E. 16). In an Order issued on March 1, 2018, the undersigned granted in part and denied in part Sergeant Mackey's motion for protective order. (D.E. 20). The undersigned directed that limited discovery be conducted relevant to the issue of Sergeant Mackey's qualified immunity defense. Specifically, the undersigned ordered that "[d]iscovery shall be limited to the personal knowledge and conduct of Sergeant Mackey as it relates to Plaintiff being assaulted by the offender on October 11, 2016. (D.E. 20, p. 6; D.E. 21, p. 2).

On February 28, 2018, Plaintiff moved the Court for an order compelling Sergeant Mackey to answer his discovery requests and deeming Plaintiff's requests for admissions as true based on Sergeant Mackey's failure to answer them. (D.E. 18, 19). The undersigned denied these motions in an Order entered on March 16, 2018, concluding that: (1) pursuant to the partial protective order issued on March 1, 2018, Sergeant Mackey was protected from responding to discovery requests outside the parameters of

the discovery allowed on the issue of qualified immunity; and (2) Plaintiff had failed to identify in his motions those portions of his discovery requests which involve Sergeant Mackey's personal knowledge and conduct as related to Plaintiff's assault on October 11, 2016. (D.E. 21, pp. 2-3). The undersigned denied Plaintiff's motions without prejudice to renew should Sergeant Mackey fail to respond to those portions of Plaintiff's discovery requests that fall within the parameters of the limited discovery allowed under the March 1, 2018 Order. (D.E. 21, p. 3).

## II. DISCUSSION

### A. SECOND MOTION TO COMPEL DISCOVERY

In his Second Motion to Compel Discovery, Plaintiff states that Sergeant Mackey has failed to answer his interrogatories and requests for admissions as ordered by the undersigned on March 1, 2018. (D.E. 30). Plaintiff, however, filed this motion on June 11, 2018, well after the expiration of the discovery period on April 20, 2018. Plaintiff makes no attempt to explain why he waited over one and one/half months to file the instant motion. Plaintiff's Second Motion to Compel Discovery is denied as untimely filed.

Even assuming Plaintiff's untimely filing of the instant discovery motion should somehow be excused, it is without merit. As noted in the partial protective order issued on March 1, 2018, Sergeant Mackey is protected from responding to discovery requests outside the parameters of the discovery allowed on the issue of qualified immunity. Plaintiff again has not identified in his Second Motion to Compel Discovery any portion

of his discovery requests which involve Sergeant Mackey's personal knowledge and conduct as related to Plaintiff's assault on October 11, 2016. Plaintiff's motion, therefore, is denied based on Plaintiff's failure to identify any discovery request that falls within the parameters of the limited discovery allowed under the March 1, 2018 Order.

### B. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel to assist him in the prosecution of this case. (D.E. 31). In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This issues presented in this case are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's various pleadings filed in this case reveal that he understands his claims and is in a position to investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

In sum, Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time.

## III. CONCLUSION AND SANCTIONS WARNING

For the foregoing reasons, IT IS ORDERED that Plaintiff's Second Motion to Compel Discovery (D.E. 30) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (D.E. 31) is DENIED without prejudice at this time. This Order as it relates to the denial of Plaintiff's motion to appoint counsel will be *sua sponte* reexamined as the case proceeds.

With respect to the instant motions filed by Plaintiff, he has failed to include a certificate of service stating that he mailed a copy of the motions to Sergeant Mackey's counsel. Plaintiff is required to mail a copy of his pleading or motion to all counsel of record, and include a certificate of service, stating that he mailed a copy of his motion or pleading to counsel for the Defendant(s). Fed. R. Civ. P. 5; LR 5; D.E. 10, ¶¶ 3-4.

Plaintiff's failure to comply has been overlooked with respect to the instant motions. However, Plaintiff is WARNED that future motions or pleadings filed by him that are not in compliance with the rules shall be struck without notice and not considered.

ORDERED this 15th day of June, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE